IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER YOUNG (pro se) ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ASTELLAS PHARMA GLOBAL ) | |
| DEVELOPMENT AND ) | 11-cv-06004 |
| ASTELLAS PHARMA ) | Judge George M. Marovich |
| ) | |
| Defendants. ) | Magistrate Judge Morton Denlow |

## COMPLAINT

Plaintiff Christopher Young ("Young") for his pro se complaint against Defendants Astellas Pharma Global Development ("APGD"), a wholly-owned subsidiary of Astellas Pharma ("Astellas") to redress discrimination in violation of applicable provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.* and the Age Discrimination In Employment Act, 29 U.S.C. §623 (a)(1) states as follows:

### Parties

1. Plaintiff Young is a resident of Highland Park, Illinois. He was born on May 11, 1950 and at the time of his termination was 59 years old. He is Caucasian.

2. Defendant Astellas is a Japanese pharmaceutical company headquartered in Tokyo, Japan.

3. On information and belief, Defendant AGPD is a wholly-owned subsidiary (or in the alternative is a division) of Astellas with its headquarters in Deerfield, Illinois. AGPD employs a few hundred persons in the U.S. Therefore, AGPD is subject to Title VII jurisdiction.

1

## JURISDICTION AND VENUE

4. On March 4, 2010, within three hundred days of being terminated by the Defendants, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. A copy of his charge is attached hereto as Exhibit A.

5. On June 1, 2011, within 90 days before the filing of this case, the EEOC mailed a notice of the right to sue as issued by the EEOC. A copy of the right to sue letter is attached as Exhibit B.

6. Therefore, this Court has federal question subject matter jurisdiction under 28 U.S.C. §1331 and applicable provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.* (as asserted by all three plaintiffs) and the Age Discrimination In Employment Act, 29 U.S.C. §623 (a)(1).

7. Venue in this District is proper as the Defendant resides in this District and the acts giving rise to these claims occurred in this District.

## CLAIMS

8. Research Data Science (RDS) is a department within APGD comprised of the Biostatistics, SAS Programming, and Data Management departments. There are around 90 employees in RDS, 26 within Biostatistics and 20 in SAS Programming. Research Data Science is a department within the Research and Development Division which forms APGD.

9. Until the termination of his employment, Young was employed by AGPD since July 2004 as the Associate Director of SAS Programming.

10. At all relevant times since 2004 (until the termination of his employment), Young reported to William Zhao, who is of Chinese origin. Until the termination of his employment, Zhao was employed by AGPD since 2001 as the Senior Director of Research Data Science.

2

11. Plaintiff is entitled to the protections of Title VII based on race and/or national origin.

12. As a person over 40 years of age at the time of his termination Plaintiff was also entitled to the protections of the ADEA.

13. AGPD/Astellas are companies that promote an atmosphere of age discrimination that is manifested in numerous ways amounting to patterns and practices of discrimination and hostile work environments. Specifically:

    a. Persons older than 40 years of age are terminated disproportionately relative to persons under 40 years of age.

    b. Persons older than 40 years of age are not promoted in the same proportion relative to persons younger than 40 years of age.

14. The pattern and practice of discrimination and hostile work environment at AGPD/Astellas described above exists within the Deerfield headquarters of AGPD.

15. On January 7, 2010 AGPD/Astellas terminated Young based on his age and national origin.

16. The reasons given by AGPD for this termination were phony and pretextual. Further, the phony reasons put forth by AGPD were calculated to intimidate and embarrass the Plaintiff and to cause him to leave quietly, instead of pursuing his rights under law.

17. These terminations were part of a continuing course of age and national origin discrimination in Young's employment, the last act of which occurred within three hundred (300) days. In particular:

    a. Young had been the most senior (oldest) and most experienced member of William's Zhao's team, yet despite that, he was not promoted in all the years

at Astellas.

    b. Because Young is Caucasian, and not Japanese, he was selected for termination on the basis of race and national origin (in addition to age) because he was viewed as part of William Zhao's team

18. As a consequence of his termination Young has suffered emotional distress.

19. Young hereby charges discrimination in his termination in violation of both the ADEA and Title VII.

20. The conduct of AGPD/Astellas was willful and intentional.

21. Young has been injured by conduct of AGPD/Astellas, and such injuries will project into the future.

### Requests for Relief

Plaintiff Young seeks all relief to which he is entitled under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of race and national origin, including backpay and front pay, and consequential damages including damages for emotional distress. Young's demands include both monetary and non-monetary remuneration including bonuses and incentives that he would have received but for his termination (based on work performed prior to his termination and going forward). In the alternative, he demands reinstatement. In addition, Young demands punitive damages in an amount sufficient to punish AGPD/Astellas and deter others from like misconduct, costs of suit, reasonable attorneys' fees and such further relief as is just and appropriate.

Christopher Young, pro se

Christopher Young
68 Raintree Island, Apt. 9
Tonawanda, NY 14150
Tel: (716) 810-6830
ciyoung@att.net

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 440-2010-02717 |

Illinois Department of Human Rights and EEOC
*State or local Agency, if any*

**NAME** (Indicate Mr., Ms., Mrs.)
Mr. Christopher Ian Young

**HOME TELEPHONE** (Include Area Code)
(847) 681-8754

**STREET ADDRESS**
444 Broadview Avenue

**CITY, STATE AND ZIP CODE**
Highland Park, Illinois 60035

**DATE OF BIRTH**
5/11/1950

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**
Astellas Pharma Global Development

**NUMBER OF EMPLOYEES, MEMBERS**
1000+

**TELEPHONE** (Include Area Code)
800-695-4321

**STREET ADDRESS**
3 Parkway North

**CITY, STATE AND ZIP CODE**
Deerfield, Illinois 60015

**COUNTY**
Lake

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ AGE
☐ RETALIATION  ☒ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)    LATEST (ALL)
1/2010

☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

SEE ATTACHED STATEMENT OF PARTICULARS

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 3/3/10   Charging Party (Signature)

**NOTARY** - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (Test 10/94)

EXHIBIT A

## STATEMENT OF PARTICULARS
## IN SUPPORT OF CHARGE OF CHARGE OF DISCRIMINATION

Claimant Christopher Young ("Young") hereby submits this Statement of the Particulars in support of his charges against Respondent Astellas Pharma Global Development ("APGD"), a wholly-owned subsidiary of Astellas Pharma ("Astellas") to redress discrimination on the basis of race and national origin in violation of applicable provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e et seq., and the Age Discrimination In Employment Act, 29 U.S.C. §623 (a)(1).

### Facts

1. Claimant Young is a resident of Highland Park, Illinois. He was born on May 11, 1950 and is presently 59 years old. He is Caucasian.

2. Respondent Astellas is a Japanese pharmaceutical company headquartered in Tokyo, Japan.

3. On information and belief, respondent AGPD is a wholly-owned subsidiary (or in the alternative is a division) of Astellas with its headquarters in Deerfield, Illinois. AGPD employs a few hundred persons in the U.S. Therefore, AGPD is subject to jurisdiction under both Title VII and the ADEA.

4. Research Data Science (RDS) is a department within APGD comprised of the Biostatistics, SAS Programming, and Data Management departments. There are around 90 employees in RDS, 26 within Biostatistics and 20 in SAS Programming.

5. Young has been employed by AGPD since July 2004 as the Associate Director of SAS Programming.

6. At all relevant times since 2004, Young has reported to William Zhao ("Zhao"),

who is also of Chinese ancestry, and who was employed as the Senior Director of Research Data Science at Astellas/AGPD.

7. AGPD/Astellas are companies that promote an atmosphere of racial and ethnic discrimination that is manifested in numerous ways amounting to patterns and practices of discrimination and hostile work environments. Specifically:

    a. There is a belief in the dominant culture. The Japanese culture is viewed as superior to other cultures.

    b. Persons of Chinese ancestry are disadvantaged and disfavored within AGPD/Astellas.

    c. In the United States, Caucasians are viewed as superior to other racial and ethnic groups such as African Americans and non-Japanese Asians, but not as superior to the Japanese themselves. Women and older persons are also disfavored.

8. The pattern and practice of discrimination and hostile work environment at AGPD/Astellas described above exists within the Deerfield headquarters of AGPD.

9. On January 7, 2010, in conjunction with the termination of co-employees William Zhao and Jing-ou Liu, Young was terminated by AGPD/Astellas.

10. The reasons given by AGPD for all three of these terminations were phony and pretextual. Further, the phony reasons put forth by AGPD were calculated to intimidate and embarrass Young and to cause him to leave quietly, instead of pursuing his rights under law.

11. These terminations were part of a continuing course of race, national origin and

2

age discrimination in Young's employment, the last act of which occurred within three hundred (300) days.

12. In particular:

   a. Young had been the most senior (oldest) and experienced member of William's team, yet despite that, he was not promoted in all the years at Astellas.

   b. Because Young is Caucasian, and not Japanese, he was selected for termination on the basis of race and national origin (in addition to age) because he was viewed as part of Zhao's team.

13. Young hereby charges discrimination in his termination in violation of both the ADEA and Title VII.

14. The conduct of AGPD/Astellas was willful and intentional.

15. Young has been injured by conduct of AGPD/Astellas, and such injuries will project into the future.

### Requests for Relief

Young seeks all relief to which he is entitled under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of race and national origin, and the Age Discrimination in Employment Act, including backpay, and consequential damages including damages for emotional distress. Young also demands frontpay (including the value of deprived long term incentives as well as monetary remuneration) or in the alternative, he demands reinstatement. In addition, Young demands punitive damages in an amount sufficient to punish AGPD/Astellas

and deter others from like misconduct, costs of suit, reasonable attorneys' fees and such further relief as is just and appropriate.

Respectfully submitted,

Claimaint Christopher Young

Date: March 3, 2010     By: /s/ Carmen D. Caruso
Carmen D. Caruso, Esq.
One of his attorneys

Carmen D. Caruso, #6189462
LAW OFFICE OF CARMEN D. CARUSO, P.C.
77 W. Wacker Drive, Suite 4800
Chicago, Illinois 60601
Phone: (312) 606-8640
Fax: (312) 276-8646
cdc@cdcaruso.com

Gary D. Abrams, #0005010
Gary D. Abrams and Associates, Ltd.
55 W. Monroe Street, Suite 1200
Chicago, Illinois 60603
Phone: (312) 263-4085
Fax: (312) 641-6959
gda44@comcast.net

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| **To:** Christopher I. Young<br>c/o Gary D. Abrams, Esq.<br>Law Offices of Gary D. Abrams and Associates, Ltd.<br>55 West Monroe Street, Suite 1200<br>Chicago, IL 60603 | **From:** Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

**CERTIFIED MAIL 7011 0110 0001 8772 2833**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2010-02717 | Daniel Gajda,<br>Investigator | (312) 869-8131 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)     John P. Rowe,     6/1/11 (Date Mailed)
District Director

cc:     ASTELLAS PHARMA GLOBAL DEVELOPMENT


EXHIBIT B